**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MICHAEL F. GLEESON             :
                               :
                    Plaintiff  :
        v.                     :        3:CV-03-0552
                               :        (CHIEF JUDGE VANASKIE)
JOHN C. PREVOZNIK              :
                               :
                   Defendant   :


**MEMORANDUM**


Defendant John C. Prevoznik has filed a motion in limine to challenge the timeliness of

the claim of Plaintiff Michael F. Gleeson, M.D., that Prevoznik, in his capacity as an Assistant

District Attorney, violated Dr. Gleeson's Fourth Amendment rights by authorizing searches of

Gleeson's medical offices in November of 1990.  At the final pretrial conference conducted in

this matter, Gleeson's counsel acknowledged that the practical import of granting the motion in

limine would be to bar recovery against Prevoznik for the November, 1990 searches.  Counsel

for Dr. Gleeson further acknowledged that, unless waived, the statute of limitations defense as

to the unlawful search and seizure claim would be meritorious, as this action against Prevoznik

was not commenced until April of 2003, well after the two-year statute of limitations had

expired.  Dr. Gleeson has moved to strike the statute of limitations defense on the ground that it

had not been asserted timely.

Having carefully considered the matter, and after reviewing the applicable case law, I find that the limitations defense, although not presented by Prevoznik until more than three years after the commencement of this action, was not waived.  The affirmative defense of the statute of limitations is to be raised in a responsive pleading, Fed. R. Civ. P. 8(c), and Prevoznik asserted the defense in the first responsive pleading required of him when he filed his Answer to the Complaint on September 6, 2006.  Although the Answer was filed eight (8) days beyond the deadline for filing the first responsive pleading, Gleeson was not prejudiced by the fact that Prevoznik's initial responsive pleading was filed a mere eight (8) days late. Moreover, Prevoznik did not act in bad faith in failing to raise the limitations defense until more than three years after this action was filed.  Accordingly, Dr. Gleeson's unlawful search and seizure and related civil conspiracy claims against Prevoznik are time-barred.

## I. **BACKGROUND**

On November 14, 2000, Michael E. Robson, a detective employed by the Pocono Mountain Regional Police Department, applied for and obtained warrants to search the medical offices of Dr. Gleeson.  The warrants were executed on November 15, 2000.

On April 19, 2001, Detective Robson charged Dr. Gleeson with the commission of hundreds of crimes, including unauthorized practice of medicine and surgery, theft by deception, and deceptive or fraudulent business practices.  In August of 2001, the Commonwealth of Pennsylvania withdrew all charges that had been filed against Dr. Gleeson.

2

On October 1, 2002, Dr. Gleeson filed a civil rights action, asserting, *inter alia*, claims of unlawful search and seizure and malicious prosecution against detective Robson, the Pocono Mountain Regional Police Department, and others.[1]  Significantly, the Complaint did not name Assistant District Attorney Prevoznik as a Defendant.

On April 1, 2003, Dr. Gleeson brought this action against Prevoznik, essentially asserting that he had acted in league with Detective Robson to procure the November, 2000 search warrants and to file criminal charges against Dr. Gleeson.  On May 29, 2003, Prevoznik moved to dismiss the action as barred by either absolute or qualified immunity.  (Dkt. Entry 5.) The motion did not challenge the timeliness of any of Dr. Gleeson's claims.

A case management conference was conducted in this matter on July 9, 2003.  The parties were directed to file supplemental briefs on the immunity issues raised by Prevoznik's pending motion to dismiss. Because Prevoznik would be a witness in the first action commenced against Detective Robson and others, and the claims presented against Prevoznik essentially mirrored the claims asserted in the first-filed action, discovery in this matter was allowed to proceed while the motion to dismiss remained pending.

On February 18, 2004, plaintiff moved for partial summary judgment on the federal and state malicious prosecution claims asserted against Prevoznik.  (Dkt. Entry 19.)  Plaintiff argued that, as a matter of law, probable cause for the charges filed against him was lacking.  Plaintiff

---

[1]This action was docketed to No. 3:02-CV-01747.

3

did not seek summary adjudication of the unlawful search claim.  On March 15, 2004,

Prevoznik moved for summary judgment.  While observing that his motion to dismiss was "still

pending and awaiting a ruling . . .," (Prevoznik's Motion for Summary Judgment, Dkt. Entry 31,

¶ 2), Prevoznik reasserted the immunity defenses, and also claimed that, as a matter of law,

there was probable cause for the charges brought against Dr. Gleeson.  Prevoznik's summary

judgment motion, however, did not address the Fourth Amendment unlawful search claim.

On May 6, 2005, I issued a comprehensive Memorandum Opinion that addressed not

only the summary judgment motions filed in this case, but also the summary judgment motions

that had been presented in the earlier-filed action against Detective Robson and others.

Prevoznik's absolute immunity defenses were sustained with respect to Dr. Gleeson's civil

rights malicious prosecution and intentional tort claims.  Because the unlawful search claims did

not concern conduct of Prevoznik in a prosecutorial capacity, summary judgment was not

awarded in his favor. Moreover, I found that there were genuine issues of fact material to the

defense of qualified immunity raised with respect to the unlawful search claim.  Having ruled on

the immunity issues in the context of the summary judgment record, I dismissed as moot the

long-pending motion to dismiss.  (Dkt. Entry 49.)

The dismissal of the motion to dismiss triggered a requirement that Prevoznik file an

Answer to the Complaint with in ten days.  See FED. R. CIV. P. 12(a)(4)(A).  In accordance with

Rule 6 of the Federal Rules of Civil Procedure, the Saturdays and Sundays occurring within

that ten-day period were excluded in determining the date by which the Answer was to be filed. The deadline was May 20, 2005.

Prevoznik, however, filed an appeal on May 19, 2005, one day before an Answer to the Complaint was due.  At Plaintiff's insistence, the May 6, 2005 Order was subsequently amended to allow Plaintiff to take an interlocutory appeal with respect to the decision that Prevoznik was entitled to absolute prosecutorial immunity on the § 1983 malicious prosecution claim.  (Dkt. Entry 59.)  Plaintiff filed a cross-appeal, and litigation in this action was stayed.

On July 24, 2006, the Third Circuit summarily affirmed this Court's decision of May 6, 2005.  The day after the Third Circuit ruling, and well before the Third Circuit had issued its mandate, Dr. Gleeson's counsel wrote to this Court to request that "a schedule leading to trial" be set.  By Order dated August 2, 2006, this Court directed that a telephonic scheduling conference be held on August 17, 2006.  (Dkt. Entry 69.)

On August 15, 2006, the Third Circuit issued its mandate.  (Dkt. Entry 70.)  During the telephonic scheduling conference conducted on August 17, 2006, no party expressed any interest in seeking further appellate remedies, such as filing a petition for a writ of certiorari with the Supreme Court of the United States.  Accordingly, the Court issued an Order to allow for this matter as well as the related action against Robson and others to proceed to trial.  The Order set the trial for November 6, 2006 and directed the filing of motions in limine by September 22, 2006.  (Dkt. Entry 71.)

On September 6, 2006, Prevoznik filed his Answer to the Complaint.  (Dkt. Entry 72.)

The Answer raised, *inter alia*, the bar of the statute of limitations.  Specifically, observing that

any remaining claims against him related to matters that occurred on or before November 15,

2000, Prevoznik asserted that the two-year statute of limitations would have expired on those

claims before this action was brought on April 1, 2003.

On September 22, 2006, Prevoznik timely filed a motion in limine in which he asserted,

among other things, the bar of the statute of limitations.  (Dkt. Entry 75.)  On September 26,

2006, plaintiff moved to strike the defense of the statute of limitations.  (Dkt. Entry 77.)  The

motions have been fully-briefed, and counsel addressed the motions on the record at the final

pretrial conference conducted in this matter on October 30, 2006.

## II.  DISCUSSION

It is not disputed that a cause of action for the alleged unlawful search of Dr. Gleeson's

medical offices accrued at the time the searches were conducted, November 15, 2000.  See

e.g., Donahue v. Gavin, No. Civ. A. 98-1602, 1999 WL 165700, at *5 (E.D. Pa. Mar. 12, 1999);

Triestman v. Probst, 897 F. Supp. 48, 49-50 (N.D. N.Y. 1995); Shannon v. Recording Indus.

Ass'n of America, 661 F. Supp. 205, 210 (S.D. Ohio 1987).  Although Gleeson argued in the

brief opposing Prevoznik's in limine motion that he did not learn of Prevoznik's involvement in

the matter until shortly before filing the action against Prevoznik, at the pretrial conference,

counsel for Dr. Gleeson acknowledged that this fact is not pertinent to the question of when the

6

Fourth Amendment unlawful search claim accrued.  Counsel for Plaintiff further conceded that, unless waived, the statute of limitations defense bars recovery against Prevoznik with respect to the unlawful search and related civil conspiracy claims.

In seeking to strike the limitations defense, Dr. Gleeson contended that Prevoznik was required to file an Answer to the Complaint no later than May 16, 2005, *i.e.,* ten (10) calendar days after entry of this Court's decision dismissing Prevoznik's motion to dismiss.  This contention, however, ignores the operation of Rule 6 of the Federal Rules of Civil Procedure, which provides "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Application of this Rule results in a determination that an Answer to the Complaint was due on May 20, 2006.

Prevoznik's filing of an appeal on May 19, 2006 effectively suspended the requirement of filing an Answer because it deprived this Court of jurisdiction.  As explained in Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985), "[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal."

Jurisdiction remained with the appellate court until August 15, 2006, when it issued its mandate.  "'Issuance of the mandate formally marks the end of appellate jurisdiction.'" Jackson

v. Carroll, 178 Fed. Appx. 178, 179 (3d Cir. 2006).  Thus, the ten-day period for filing an

Answer to the Complaint began to run on that date, which signaled a final ruling on the motion

to dismiss.

Excluding intervening weekends, the Answer was due on August 29, 2006.  Thus, the

premise of Plaintiff's motion to strike the limitations defense – that an Answer to the Complaint

was due on May 16, 2005 – is unsound.  Contrary to Plaintiff's assertion that the Answer was

overdue by more than one year when filed on September 6, 2006, it was served only eight (8)

days beyond the deadline.[2]

Plaintiff nonetheless persists in arguing that the limitations defense was waived by

failure to raise it in a more timely manner, referring to language in case law that a limitations

defense is "'waived unless asserted at the earliest possible moment.'" (Brief in Opposition to

Prevoznik's Motion in Limine, Dkt. Entry 78, at 8 (quoting Hayden v. Ford Motor Co., 497 F.2d

1292, 1294 (6th Cir. 1974)).)  The case law upon which Plaintiff relies, however, is plainly

distinguishable.  For example, in Hayden, cited for the proposition that the limitations defense is

waived if not asserted at the earliest possible time, defendant first filed an answer that did not

raise an obvious statute of limitations defense.  More than two (2) years later, and after plaintiff

_____

[2] Prevoznik's counsel explained the untimely filing as based on his understanding that
there was no obligation to reply to the complaint during the period for filing a petition for a writ of
certiorari.  No support has been provided for this position, and I find that the time to reply began
running when jurisdiction was returned to this Court.

8

had voluntarily dismissed a parallel state court action, the defendant first raised the limitations

defense.  Concluding that defendant had "lulled [the plaintiff] into a false sense of security

because of the defendant's failure to raise the statute as a defense in the federal litigation," the

Sixth Circuit ruled that the limitations defense should have been regarded as waived.  Hayden,

497 F.2d at 1295.

There was similar palpable prejudice to the plaintiff in Strauss v. Douglas Aircraft Co.,

404 F.2d 1152 (2d Cir. 1968), another case cited by Plaintiff for the proposition that the

limitations defense is waived if not raised at the earliest possible time.  In Strauss, defendant

sought leave to amend its answer to present a limitations defense four years after the complaint

had been filed and after the time the plaintiff could have instituted an action "in a non-time

barred jurisdiction."  Id. at 1157.  A similar basis for finding prejudice to the plaintiff is evident in

Faith v. Texaco, Inc., 48 F.R.D. 118 (W.D. Mich. 1969), where the defense sought to amend its

answer to the complaint four years after the litigation had been brought and after "[a]ny hope for

commencing suit in another jurisdiction [was] gone."  Id. at 120-21.

Plaintiff has not contended in this case that he could have brought this action in some

other jurisdiction and thereby avoided the limitations defense had Prevoznik raised the matter in

May of 2003 when he moved to dismiss the action on grounds of immunity.  Thus, Hayden,

Strauss, and Faith offer no persuasive basis for holding that Prevoznik waived the limitations

defense here.

Rule 8(c) of the Federal Rules of Civil Procedure requires assertion of the statute of limitations defense in a responsive pleading.  In this case, Prevoznik asserted the limitations defense in his initial responsive pleading to the Complaint.  That the initial responsive pleading was not due until August 29, 2006 is not the fault of Prevoznik.  Furthermore, the fact that the Answer filed by Prevoznik was late by eight (8) days does not compel a finding of waiver.

Indeed, the law in the Third Circuit is that the failure to assert an affirmative defense in an appropriate responsive pleading "does not automatically result in a waiver."  Eddy v. Virgin Islands Water & Power Auth., 256 F.3d 204, 209 (3d Cir. 2001).[3]  In this regard, an answer may be amended to assert the limitations defense so long as the opposing party is not prejudiced.  See Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc., Civ. No. 4:05-CV-0033, 2006 WL 1289545, at *2 (M.D. Pa. May 9, 2006).  Moreover, the mere fact that a claim may be time-barred by allowing an answer to be amended to assert the limitations defense does not constitute prejudice.  Id. at *3.

Plaintiff argues that he has been prejudiced because the assertion of the defense deprived him of a meaningful opportunity to seek re-hearing by the Third Circuit on the

---

[3] Plaintiff's reliance upon Stewart v. Hendricks, 71 Fed. Appx. 904 (3d Cir. 2003), for the proposition that failure to raise a limitations defense at the earliest practicable moment waives the defense is thus misplaced.  The issue in that case was whether the district court could raise the limitation defense *sua sponte*.  Stewart does not address the question of the efficacy of a defendant's assertion of the defense where, as here, an Answer to the Complaint was not required until after the close of discovery.

immunity ruling concerning the malicious prosecution claim, which would not be time-barred. This may be true, but the unanimous summary affirmance of the immunity rulings indicates that a request for rehearing was unlikely to have been successful.  Prejudice on this basis is too speculative to disallow assertion of the affirmative bar of the limitations period.

Furthermore, the contention that Plaintiff may have sought re-hearing had he known of a limitations defense to the unlawful search claim rings hollow in light of the fact that Plaintiff sought the establishment of a trial schedule only one day after the Third Circuit issued its ruling. Plaintiff's claim of prejudice is further undermined by the fact that the time for petitioning for certiorari review had not expired when Prevoznik filed his Answer to the Complaint and his motion in limine.  Indeed, Plaintiff had until October 22, 2006 to file a petition for a writ of certiorari.  See SUP. CT. R. 13 (establishing 90-day period for filing a petition for a writ of certiorari).  Plaintiff plainly could have sought an adjournment of the trial date while he weighed his options.  The fact that Plaintiff elected to maintain the November 6, 2006 trial date, as opposed to seeking Supreme Court review of the immunity rulings, does not show prejudice.

Nor has Plaintiff incurred  prejudice as a result of having to engage in discovery in connection with his Fourth Amendment unlawful search claim against Prevoznik.  The discovery would have been required in connection with the claims asserted against Robson and others.

There is no evidence that Prevoznik delayed asserting the limitations defense for tactical

reasons.  Nor is there any evidence that he acted in fad faith in not raising this matter until his

Answer to the Complaint was required.  Finally, the record does not suggest any improper

purpose in not having filed the Answer until eight (8) days after it was otherwise due.[4]

Assessment of the limitations defense in this case requires no additional discovery, and

presents a straightforward question of law.  The Fourth Amendment unlawful search and

related civil conspiracy claims against Prevoznik are clearly time-barred.  To not allow this

defense to prevail in this matter would be to elevate form over substance.  As stated by the

Supreme Court in Foman v. Davis, 371 U.S. 178, 181-82 (1962):

> It is too late in the day and entirely contrary to the spirit of the Federal Rules of
> Civil Procedure for decisions on the merits to be avoided on the basis of such
> mere technicalities.  'The Federal Rules reject the approach that pleading is a
> game of skill in which one misstep by counsel may be decisive to the outcome
> and accept the principle that the purpose of pleading is to facilitate a proper
> decision on the merits.'

## III.  CONCLUSION

Because Plaintiff was not prejudiced by the assertion of the limitations defense more

than three years after this action was brought, the defense was presented in the first

responsive pleading required to be filed by Prevoznik, there is no evidence of bad faith on

Prevoznik's part in not raising the defense earlier, and the defense involves a question of law

---

[4] Smith v. Ins. Co. of N. America, 30 F.R.D. 540, 542 (M.D. Tenn. 1962), another case
cited by Plaintiff, involved an Answer that was late by more than one year.  The eight-day delay
here is insignificant when compared with the delay in Smith, and Plaintiff points to no prejudice
accruing between August 29 and September 6, 2006.

without the necessity for any additional discovery, the motion to strike the limitations defense will be denied; the motion in limine to preclude evidence of Prevoznik's actions prior to April 1, 2001 will be granted; and the remaining claims against Prevoznik – unlawful search and civil conspiracy in connection with the November 15, 2000 search of plaintiff's medical offices – will be dismissed.  An appropriate Order follows.


**s/ Thomas I. Vanaskie**
Thomas I. Vanaskie
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL F. GLEESON          :
                            :
              **Plaintiff**     :
      **v.**                 :      **3:CV-03-0552**
                            :      **(CHIEF JUDGE VANASKIE)**
JOHN C. PREVOZNIK           :
                            :
              **Defendant**     :

## ORDER

**NOW, THIS 2nd DAY OF NOVEMBER, 2006,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Strike the Limitations Defense (Dkt. Entry 77) is **DENIED.**

2. Defendant's Motion in Limine to preclude introduction of any evidence of acts of defendant prior to April 1, 2001 (Dkt. Entry 75) is **GRANTED.**

3. The claims remaining against defendant Prevoznik, asserted in Counts Two and Three of the Complaint, are **DISMISSED**.

4. The Clerk of Court is directed to mark this matter **CLOSED.**

                              **s/ Thomas I. Vanaskie**
                              Thomas I. Vanaskie
                              United States District Judge